IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2149-D

IVAN A. SCOTT,                              )
                                            )
            Petitioner,                     )
                                            )
      v.                                    )          **ORDER**
                                            )
WILLIAM LOTT, et al.,                       )
                                            )
            Respondents.                    )

Ivan A. Scott ("Scott" or "petitioner"), a federal inmate proceeding pro se, challenges a disciplinary conviction which resulted in the loss of sentence credit [D.E. 1]. See 28 U.S.C. § 2241. On August 20, 2025, the case was reassigned to the undersigned [D.E. 4]. On September 2, 2025, the court reviewed the petition under 28 U.S.C. § 2243 and allowed the action to proceed [D.E. 5].

On November 24, 2025, respondents moved to dismiss the petition as moot because authorities expunged Scott's disciplinary conviction on September 12, 2025 [D.E. 12, 13, 14]. The court notified Scott of the motion, the consequences of failing to respond, and the response deadline [D.E. 15]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On January 5, 2026, Scott filed a letter stating, "My only issue is I'm still at a facility that has medium, and mental health, and low custody inmates when in fact I belong amongst campers." [D.E. 16] 1. Scott also stated, "There is a management variable placed on me because of this incident that has been expunged." Id. As explained below, the court grants the motion to dismiss.

I.

Scott challenges an October 17, 2024 disciplinary proceeding at the Low Security Correctional Institution Coleman that resulted in the loss of sentence credit. See [D.E. 1] 6–7; [D.E. 1-1] 3. "Incident Report Number 4009682, the subject of Petitioner's instant petition, was expunged from Petitioner's disciplinary record on 12 September 2025 . . . and his good conduct time has been restored." [D.E. 13] 5; see [D.E. 14] ¶ 4. Thus, respondents contend that the petition is moot. See [D.E. 13] 4–5.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012); Constantine v. Rectors & Visitors of Geo. Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005); Fed. R. Civ. P. 12(b)(1). A federal court "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." Constantine, 411 F.3d at 479–80. "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co., 523 U.S. at 104; see, e.g., Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). When considering a Rule 12(b)(1) motion, the court "may consider evidence outside the pleadings without converting the [motion] to one for summary judgment." White Tail Park, Inc. v. Stroube, 413 F.3d 451, 459 (4th Cir. 2005) (citation omitted); see, e.g., Evans, 166 F.3d at 647; Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

The court lacks jurisdiction if there is no longer a live case or controversy. See U.S. Const. art. III, § 2; Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013); Powell v. McCormack, 395 U.S. 486, 496 (1969); Martineau v. Wier, 934 F.3d 385, 390 n.2 (4th Cir. 2019). There must be a live

2

case or controversy through all stages of a federal judicial proceeding. See Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477–78 (1990).

Scott's "good time credits have been restored, and he has received the remedy available in this proceeding. He also presents no continuing collateral consequence or cognizable injury absent the loss of good time credits." Rasul v. Buffaloe, No. 1:21-CV-311, 2023 WL 11833718, at *1 (M.D.N.C. Feb. 10, 2023) (unpublished); see, e.g., Baum v. Jansen, No. 2:22-CV-4294, 2023 WL 4422532, at *2 (D.S.C. June 20, 2023) (unpublished), report and recommendation adopted, 2023 WL 4421819 (D.S.C. July 10, 2023) (unpublished); Zastoupil v. Leu, No. 1:22-CV-265, 2022 WL 16950268, at *6 (E.D. Va. Nov. 15, 2022) (unpublished), appeal dismissed, No. 22-7413, 2023 WL 3863101 (4th Cir. Feb. 24, 2023) (unpublished). Thus, the court dismisses the petition as moot.

To the extent Scott contends the Federal Bureau of Prisons placed a "management variable" on him "because of this incident" resulting in a change in his custody classification, [D.E. 16] 1, an inmate does not have a protected liberty interest in receiving or retaining a certain custody classification or security designation. See Briley v. Att'y Gen. U.S., 632 F. App'x 84, 85 (3d Cir. 2016) (per curiam) (unpublished); Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994); Newborn v. Hollembaek, No. 5:16-HC-2040, 2016 WL 8667771, at *2 (E.D.N.C. Sept. 22, 2016) (unpublished) (collecting cases), aff'd, 672 F. App'x 274 (4th Cir. 2016) (per curiam) (unpublished). Thus, Scott's challenge to his custody classification is not cognizable under section 2241. See, e.g., Rodriquez v. Streeval, No. 7:20-CV-373, 2020 WL 3840424, at *1–2 (W.D. Va. July 8, 2020) (unpublished) (collecting cases).

After reviewing Scott's petition, the court finds that reasonable jurists would not find the court's treatment of Scott's petition debatable or wrong, and that the petition does not deserve

encouragement to proceed any further. Thus, the court denies a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336–38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS respondents' motion to dismiss [D.E. 12], DISMISSES AS MOOT the petition for a writ of habeas corpus [D.E. 1], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 10 day of March, 2026.

JAMES C. DEVER III<br>
United States District Judge

4